**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-1365

CLAUDIA PATRICIA SIBRIAN DE ALFARO,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: November 16, 2017                    Decided: November 28, 2017

Before SHEDD, DUNCAN, and HARRIS, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Ronald D. Richey, LAW OFFICE OF RONALD D. RICHEY, Rockville, Maryland, for Petitioner. Chad A. Readler, Acting Assistant Attorney General, Leslie McKay, Senior Litigation Counsel, Virginia L. Gordon, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Claudia Patricia Sibrian de Alfaro, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing her appeal from the immigration judge's denial of her requests for asylum, withholding of removal, and protection under the Convention Against Torture. For the reasons set forth below, we deny the petition for review.

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole. *INS v. Elias-Zacarias,* 502 U.S. 478, 481 (1992). Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2012). Legal issues are reviewed de novo, "affording appropriate deference to the [Board]'s interpretation of the [Immigration and Nationality Act] and any attendant regulations." *Li Fang Lin v. Mukasey,* 517 F.3d 685, 691-92 (4th Cir. 2008). We will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Elias-Zacarias,* 502 U.S. at 483-84; *see Rusu v. INS,* 296 F.3d 316, 325 n.14 (4th Cir. 2002). Furthermore, "[t]he agency decision that an alien is not eligible for asylum is 'conclusive unless manifestly contrary to the law and an abuse of discretion.'" *Marynenka v. Holder,* 592 F.3d 594, 600 (4th Cir. 2010) (quoting 8 U.S.C. § 1252(b)(4)(D) (2012)).

Because Sibrian de Alfaro is claiming that she fears persecution at the hands of private actors, as opposed to the government of El Salvador, she must establish that the government cannot or will not control the offenders. *See Mulyani v. Holder,* 771 F.3d 190,

2

198 (4th Cir. 2014) ("[A]n applicant alleging past persecution must establish either that the government was responsible for the persecution or that it was unable or unwilling to control the persecutors."); *M.A. v. INS,* 858 F.2d 210, 218 (4th Cir. 1988) (en banc) (holding asylum can be established by showing that the government is "unwilling or unable to control the offending group"). "Whether a government is unable or unwilling to control private actors is a factual question that must be resolved based on the record in each case." *Hernandez-Avalos v. Lynch,* 784 F.3d 944, 951 (4th Cir. 2015) (alteration and internal quotation marks omitted).

Upon review, we conclude that substantial evidence supports the agency's finding that Sibrian de Alfaro failed to meet her burden of establishing that the Salvadoran government is unable or unwilling to protect her. We therefore uphold the agency's denial of Sibrian de Alfaro's requests for asylum and withholding of removal. *See Camara v. Ashcroft,* 378 F.3d 361, 367 (4th Cir. 2004) ("Because the burden of proof for withholding of removal is higher than for asylum—even though the facts that must be proved are the same—an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3) [2012]."

To qualify for protection under the Convention Against Torture, a petitioner bears the burden of proof of showing "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2017). To state a prima facie case for relief, a petitioner must show that he or she will be subject to "severe pain or suffering, whether physical or mental . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity."

3

8 C.F.R. § 1208.18(a)(1) (2017); *see Saintha v. Mukasey,* 516 F.3d 243, 246 & n.2 (4th Cir. 2008). Upon review, we conclude that substantial evidence supports the agency's finding that Sibrian failed to meet her burden of establishing that it is more likely than not that the Salvadoran government would acquiescence or be willfully blind to any torture she fears in El Salvador.

Accordingly, we deny the petition for review substantially for the reasons stated by the Board. *In re Sibrian de Alfaro* (B.I.A. Feb. 23, 2017). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*